IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

DAVID GARY DELOACH, individually,
as personal representative of the Estate of
Gary Cecil Deloach,

                Plaintiff,

v.                                            CIVIL  ACTION  NO.  3:10-1097

APPALACHIAN POWER COMPANY,
d/b/a AMERICAN ELECTRIC POWER,
a Virginia corporation, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Cross-Claimant Appalachian Power Company's Motion for Summary Judgment and Cross-Defendant Stone & Webster Construction, Inc.'s Motion for Summary Judgment.  For the reasons set forth below, Appalachian Power Company's Motion (ECF No. 108) is **GRANTED**; Stone & Webster Construction, Inc.'s Motion (ECF. No. 111) is **DENIED**.

## I. Background

This case arises from the death of Gary Cecil Deloach while working at the John Amos Power Plant in Winfield, West Virginia.  John Amos is owned and operated by Appalachian Power Company.  Appalachian Power contracted with Stone & Webster ("S&W") to perform refurbishing work on the Unit 3 precipitator at the power plant.  Mr. Deloach was an employee of S&W, a wholly owned subsidiary of The Shaw Group, Inc.  The Plaintiff filed suit against Appalachian Power, S&W, and The Shaw Group, and has settled separately with all Defendants.  The Shaw Group, Inc. was dismissed from this action by agreement of the parties. While the briefing on these motions

discussed claims for contribution and implied indemnity, the parties agreed at oral argument that those claims were extinguished by the settlements with the Plaintiff.  As such, the only remaining claim is Appalachian Power's cross-claim for express indemnity under its contract with S&W, on which both parties have moved for summary judgment.

## II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Fed. R. Civ. P.* 56(a).  In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### III. Discussion

This case requires the interpretation of an indemnification clause contained in a written contract between Appalachian Power Company and S&W.[1]  Accordingly, the issue is appropriate for summary judgment.  The clause at issue reads as follows:

Article 20.0   INDEMNIFICATION
    20.1   Contract/Owner Indemnity.  Contractor [S&W] shall protect, defend, indemnify and hold harmless Owner [Appalachian Power Company], its partners and their parent corporations, subsidiaries and affiliates, agents, officers, directors and employees, (each, an "owner indemnified party") from and against any and all suits, actions, losses, damages, claims, or liability of any character, type or description, including, but not limited to, all expenses of litigation, courts costs and attorneys' fees, for any injury or death to any person, or damage to any third party property (i.e. property that is not wholly or partially owned by an owner indemnified party), to the extent of the negligence of the Contractor, its subcontractors, agents, or employees, in the execution or performance of the work under this agreement or any breach by contractor, itself or through its subcontractors, agents or employees of this agreement.  Contractor's liability hereunder shall not include damages or injuries to the extent caused by the joint or concurrent negligence proportionately attributable to Owner or any other party performing work for the Owner.

General Terms and Conditions, ¶ 20.1, ECF No. 108-2.  The Court must decide whether the indemnification clause contained in the contract at issue is sufficient to constitute a waiver of S&W's protection under the West Virginia Workers' Compensation Act.  If the above language is not sufficient to waive S&W's workers' compensation immunity, then S&W retains immunity for ordinary negligence and can only be liable to Appalachian Power Company to the extent that it could be held liable to an employee.  If, however, the language is sufficient to waive workers'

---

[1]In briefing this issue, the parties disagreed over whether an express workers' compensation waiver clause was included in their final agrement.  At oral argument, Appalachian Power indicated that the clause was not necessary for resolution of the present motions.  The Court agrees with Appalachian Power.  For purposes of this Memorandum Opinion and Order, the Court assumes that the express waiver clause did not become part of their contract.

compensation immunity, then S&W is liable to Appalachian Power to the extent of its negligence, as provided by their contract.

S&W argues that the above language, without more, is insufficient to waive S&W's protection under the West Virginia Workers Compensation Act.  In support, S&W refers to both Pennsylvania and Ohio, where similar language would be insufficient to waive the protection of those states' workers' compensation schemes.  The Supreme Court of Ohio has held that indemnification language must specifically refer to workers' compensation immunity in order to waive an employer's protection from third party claims.  *Kendall v. U.S. Dismantling*. 485 N.E.2d 1047 (Ohio 1985).  Pennsylvania requires the same specificity by statute.  77 Pa. Cons. Stat. § 481(b) (1974).

In response, Appalachian Power relies on *Riggle v. Allied Chemical Corp, et al.*, 378 S.E.2d 282 (W. Va. 1989) and *Dalton v. Childress Service Corp.*, 432 S.E.2d 98 (W. Va. 1993) in support of its contention that general indemnification language is sufficient to waive workers' compensation protection for third-party claims in West Virginia.  In *Riggle*, an injured employee sued both his employer and the premises owner for injuries arising from exposure to dangerous chemicals.  *Id*. at 284.  The premises owner cross-claimed against the employer under an indemnification clause in their contract.  *Id*.  The West Virginia Supreme Court of Appeals enforced the indemnification agreement over the employer's argument that indemnification for its negligence was unconscionable and against the public policy of the state of West Virginia.  *Id*. at 289.  In doing so, the Supreme Court of Appeals  held that "the indemnity provision [is] perfectly proper; its object was to allocate risks for insurance purposes.   Persons employing contractors are cognizant of workers' compensation immunity and principles of joint and several liability."  *Id*.  The West Virginia Court

-4-

continued: "[C]ontractual allocations of risk similar to the one before us are favored; certainly they are not contrary to public policy." *Id*. In *Childress*, the Court enforced another very similar indemnification agreement and reaffirmed *Riggle*.

S&W's attempts to distinguish *Riggle* are unconvincing. In both *Riggle* and *Childress*, the West Virginia Supreme Court of Appeals enforced and implicitly approved of general indemnification language as a waiver of workers' compensation immunity from third party claims. In a footnote, *Riggle* even went so far as to recognize that the proper standard in such a case is negligence (the standard supplied by the contract) rather than the deliberate intent standard required of plaintiffs seeking to recover outside of the workers' compensation scheme. *Riggle*, 378 S.E.2d at 286, FN7. Accordingly, the Court **FINDS** that the indemnification language at issue in this case is sufficient to have waived S&W's workers' compensation immunity from Appalachian Power's cross-claim for express indemnification. As the workers' compensation immunity is waived by their contract, S&W is liable to Appalachian Power "to the extent of the negligence of [S&W], its subcontractors, agents, or employees. . . ."

## IV. Conclusion

For the reasons explained above, S&W's motion is **DENIED**; Appalachian Power's motion is **GRANTED**. In accordance with this Memorandum Opinion and Order, the Court **DIRECTS** Appalachian Power Company and S&W to confer and to submit within seven days a proposed schedule for the trial of the remaining issues in this case. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:      November 30, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE